**Robbins Geller Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Randall J. Baron
randyb@rgrdlaw.com

January 31, 2014

<u>VIA ECF & EMAIL</u>

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, NY  10007

  Re: *Omega Overseas Partners, Ltd. v. Griffith,* 13-cv-4202(RJS)

Dear Judge Sullivan:

  Pursuant to Your Honor's Individual Rule of Practice 1.D and Local Rule 7.1(d), plaintiffs in the above-referenced action respectfully request an extension of time to respond to defendants' motion to dismiss the consolidated complaint, Dkt. No. 60.  Plaintiffs' opposition is currently due February 17, 2014, Court Order, Dkt. No. 51.  Plaintiffs believe that an extension is necessary to allow them time to resolve outstanding discovery issues relevant to their opposition. This letter serves as plaintiffs' first request for an extension of time.

  By way of background, defendants submitted a number of declarations in support of their motion to dismiss.  These declarations make numerous untested factual assertions outside of the pleadings.  In response, plaintiffs have served document requests and deposition notices in an effort to explore these factual assertions so that plaintiffs can properly respond to them in their opposition briefing.  The parties are currently meeting and conferring about these requests.  Accordingly, plaintiffs request an extension on the deadline for their opposition briefing so that the meet-and-confer process can be concluded, Court intervention can be sought to resolve any remaining dispute about the discovery, and all agreed-to and court-ordered discovery can be taken.

  The requested extension is consistent with the parties' prior agreement.  As noted in the parties' November 1, 2013 Joint Status Letter, defendants had previously agreed to allow plaintiffs 60 days before filing their opposition.  Plaintiffs negotiated this briefing schedule precisely to allow for discovery that might become necessary if defendants made untested factual assertions in their motion to dismiss (which has now happened).

  Defendants have stated that they will oppose plaintiffs' extension request.  Defendants have asserted that: (i) an extension is not in line with the parties' prior agreement or related negotiations; (ii) the parties have not yet reached agreement on the discovery at issue; and (iii) the request is for an "improper purpose" in that it does not set a fixed date for plaintiffs to file their opposition and is for the purpose of conducting "inappropriate discovery requests that could have been pursued much

911734_1

655 West Broadway Suite 1900 San Diego, CA 92101 Tel 619 231 1058 Fax 619 231 7423 www.rgrdlaw.com

Robbins Geller
Rudman & Dowd LLP

Judge Sullivan
January 31, 2014
Page 2

earlier."  Defendants have also asked plaintiffs to advise the Court that they will submit a response to this letter one business day after it is filed and served.

Defendants' reasons for opposing an extension are without merit.  As early as July 2, 2013, plaintiffs emailed defendants stating that they "expect defendants to agree to a reasonable time for filing oppositions to the motions that will allow sufficient time for the aforementioned discovery to be completed."  This condition informed subsequent discussions.  For example, in a July 19, 2013 meet-and-confer teleconference regarding the scope of preliminary discovery, the parties expressly acknowledged "the possibility for additional discovery, if necessary, after Defendants file their motions."  Thus, the subsequent 60-day opposition schedule sought by plaintiffs (and agreed to by defendants) contemplated post-motion, pre-opposition discovery, and comports with the parties' negotiations.

Defendants' next arguments put the cart before the horse.  It is precisely to allow the parties time to reach an agreement regarding outstanding discovery (if possible, or seek Court intervention, if no agreement is to be had) that plaintiffs respectfully request an extension.  That meet-and-confer process has already started and is ongoing.  Only if and when the parties reach an impasse will they ask the Court to decide the "appropriateness" of outstanding discovery. While such motion practice may be unavoidable, the parties should first be provided sufficient time to explore an amiable resolution through the meet-and-confer process.  None of this can take place under the present briefing schedule.

Furthermore, defendants' suggestion that the Court should set a fixed date for plaintiffs' time to file their opposition papers misses the point.  Defendants chose to submit untested factual assertions outside of the complaint in support of their motion to dismiss.  Plaintiffs are requesting that they be allowed time to resolve outstanding discovery issues as part of responding to those untested factual assertions in their opposition briefing.  Thus, plaintiffs' proposed revised schedule is based off the time needed to reach resolution, whether by agreement between the parties or by Court order, and to take the allowed discovery, rather than some arbitrary date unrelated to the discovery process.

Finally, defendants' assertion that plaintiffs could have sought this discovery earlier is patently meritless.  The discovery at issue is targeted directly at declarations submitted with the motion to dismiss, and at specific line items within those declarations.  Plaintiffs could not have pursued this discovery "much earlier."

911734_1

Robbins Geller
Rudman & Dowd LLP

Judge Sullivan
January 31, 2014
Page 3

  In sum, plaintiffs believe that the requested extension is necessary and proper, and propose that their opposition be extended to a date that is 14 days after the conclusion of limited pre-opposition discovery.

            Respectfully submitted,

            RANDALL J. BARON

RJB:lai

911734_1